## M. I. Tuny, Appellee, v. Carl H. Mayer et al. Gulbransen-Dickinson Company, Appellant.

### Gen. No. 24,203.

1. CREDITORS' SUIT, § 9a*—*what included in lien of creditors' bill.* The lien of a creditors' bill, provided for by section 49 of the Chancery Act (J. & A. ¶ 929), includes any "things in action belonging to the defendant," whether recoverable at the time the suit is commenced or later.

2. CREDITORS' SUIT—*when rights of salesman in commissions may be reached by creditors' bill.* Where a debtor was employed as a salesman of goods in a certain territory, his compensation to be a percentage on all accepted orders sold by him direct or received by mail from dealers in that territory, he acquired a vested interest, as of the date of the contract, in all orders thereafter received which were subject to his commission, which might be reached by a creditors' bill, and it is immaterial that the commissions then existed only in possibility and that the amount thereof was uncertain.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Affirmed. Opinion filed March 18, 1919.

EDWARD B. HEALY, for appellant.

KING, BROWER & HURLBUT, for appellee.

MR. PRESIDING JUSTICE MCDONALD delivered the opinion of the court.

This was a creditors' bill filed by appellee, who was a judgment creditor of one Mayer, to reach the latter's right to commissions accruing under a certain contract of employment with appellant, the Gulbransen-Dickinson Company.

The original bill, which was filed by appellee on January 14, 1916, proceeded upon the theory that the said Mayer had made a fraudulent conveyance to his

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

wife of certain of his assets. Appellant was not made a party thereto but was brought in by way of a supplemental bill filed October 10, 1916, which, after setting forth the filing of the original bill, etc., averred that appellant had become indebted to said Mayer in the sum of $500 for commissions earned, and would become further indebted to him by the fulfillment of the said contract of employment.

The supplemental bill prayed that appellant be ordered to pay to appellee whatever sum or sums of money might be adjudged to be then due and owing by it to the said Mayer, together with all sums of money which might become due in the future from appellant under the terms of the said contract of employment. It also contained certain interrogatories seeking to elicit information showing the sales made by the said Mayer under the said contract of employment and the orders received by appellant upon which the said Mayer was entitled to a commission, the amounts paid to him, and the balance due and to become due thereunder.

Summons issued against appellant on October 13, 1916. On April 30, 1917, appellant filed answer to said supplemental bill, denying any indebtedness to said Mayer, and averring that it did not know whether or not it would become indebted to him upon the fulfillment of the said contract of employment; and, in answer to an interrogatory, stated that after giving said Mayer credit for all commissions due him, he was indebted to appellant in the sum of $154.07.

Under the terms of the said contract of employment, the said Mayer was employed as a salesman for one year from June 16, 1916, to sell goods in the territory designated, for which appellant agreed to pay him, by way of compensation for his services, a commission of five per cent "on all accepted orders, sold by him direct to, or received by mail from dealers whose purchasing offices are located in the above described territory," with certain exceptions therein noted.

The decree herein appealed from, which was entered November 17, 1917, after reciting that the court had jurisdiction of the parties and of the subject-matter of the suit, found that the said Mayer, at the time of the entry thereof, was indebted to appellee in a sum upwards of $2,000 under a judgment obtained in the Municipal Court of Chicago on November 4, 1911, upon which execution issued, which was returned unsatisfied; that by virtue of the said contract of employment, the said Mayer acquired a vested interest as of the date thereof, in all orders thereafter received by appellant from persons whose orders had been previously solicited by the said Mayer, such orders being designated as repeat orders; that such interest was a property right, upon which appellee acquired a lien as of October 13, 1916, the date when summons under said supplemental bill was served upon appellant; and that appellee had acquired a lien for the satisfaction of his said judgment, on all of said commissions which were due the said Mayer at the time of the service of said summons upon appellant, and all that had accrued since then, up to the time of the filing of appellant's answer.

It was further ordered that the cause be referred to a master in chancery, with directions that the said master take an account of all commissions, including those due on repeat orders, down to the date of the service upon appellant of the summons under appellee's supplemental bill; and another account showing the amount of all commissions, including those on repeat orders, earned by said Mayer under said contract, from October 13, 1916, up to the time appellant filed its answer, together with any other information necessary to determine whether or not appellant was indebted to the said Mayer for commissions; and to report his conclusions of law and of fact to the court.

The principal question here presented for determination is, whether or not under the aforesaid contract

of employment the said Mayer obtained such an interest in commissions to be earned thereunder as might be reached by creditor's bill.

Section 49 of the Chancery Act (J. & A. ¶ 929), under which appellee's supplemental bill was filed, provides that whenever a person shall recover a judgment against another, upon which execution shall have issued and been returned unsatisfied, either in whole or in part, the party suing out such execution may file a bill in chancery against such defendant and any other persons, to compel the discovery of any property or things in action belonging to the defendant, and the court is given power to decree a satisfaction of the said judgment out of any personal property, money or things in action found to be belonging to defendant, etc.

It is argued by appellant that the lien of a creditors' bill is limited to assets of the judgment debtor recoverable by him at the time the bill is filed. In our opinion, section 49, *supra,* does not so limit the creditors' remedy, but, on the contrary, it includes any "things in action belonging to the defendant," whether recoverable at the time of the commencement of the suit or later.

In *Young v. Jones,* 180 Ill. 216, a contract was made by certain county supervisors with one Lane, to construct a bridge. The contract was dated February 26, 1895. A few days later the said Lane executed assignments of various parts of the money he expected to receive under the said contract. Subsequently the legislature enacted a law providing that any persons furnishing labor or materials on a public improvement in the State shall have a lien on the moneys, bonds or warrants due or to become due the contractor for the construction thereof. A controversy arose as to whether the lien creditors under the said statute or the assignees under the aforesaid assignments had the prior right to the said funds. Although at the time

the said assignments were made the contract had not been performed and the fund in question was not in existence, the court held that the said Lane had a vested right in said fund and that it was not essential to the validity of the assignments that the subject-matter thereof have an actual existence at the time.

So in the case at bar, we are of the opinion that when the said contract of employment was entered into, the said Mayer acquired a vested right in the commissions that were to accrue under it. His *right* thereto being vested, it is immaterial that the commissions then existed only in possibility and the amount thereof was uncertain. They had at least a potential existence.

We conclude, therefore, that the decree of the Circuit Court is correct, and accordingly it will be affirmed.

*Affirmed.*